**Patricia CARREON; Salvador Carreon, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 04–76065, 05–70460.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Marina Pineda–Kamariotis, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Merri L. Hankins, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Patricia Carreon and Salvador Carreon seek review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's order denying their applications for cancellation of removal and denying their motion to remand, and an order of the BIA denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We deny the petitions for review.

We agree with the BIA's conclusion that the performance by prior counsel did not result in prejudice to the petitioners. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail in an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice). The BIA therefore did not abuse its discretion in denying the motion to remand.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, because the BIA considered the evidence they submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See id.* (The BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational, or contrary to law."). To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with the motion to reopen, they have not overcome the presumption that the BIA did review the rec-

ord. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

We do not consider petitioners' contentions regarding moral character because petitioners' failure to establish hardship is dispositive.

**PETITIONS FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

